UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss (Docket No. 33) filed by defendant Bissell Better Life, LLC ("Defendant"). Plaintiffs Kalee Przybylak and Anil Kumar Urmil ("Plaintiffs") have filed an opposition (Docket No. 36), and Defendant has filed a reply (Docket No. 38). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 22, 2019 is vacated, and the matter taken off calendar.

**I.   Background**

Plaintiffs bring this false-advertising case against Defendant for allegedly selling products represented to be natural or plant-derived when in fact they contain unnatural or synthetic ingredients. (See Compl. ¶ 1, Docket No. 1.) As alleged in the Complaint, Defendant makes household cleaning and personal care products, such as dish soaps, lotions, laundry detergents, and all-purpose wipes among other things. (Id. ¶¶ 2-3, 18.) Defendant's marketing materials, product labels and packaging, and website contain various claims that Defendant's products are "natural," "plant-derived," or "non-toxic"; accomplish their purposes "naturally"; contain no harmful ingredients; or are made with "plant-derived cleaning agents" or "100% plant-derived cleaning agents." (Id. ¶¶ 5-6, 28-36.) However, those claims are false, misleading, and deceptive in that Defendant's products are not natural or made only with plant-derived agents, and instead contain various unnatural or synthetic ingredients and cleaning agents. (Id. ¶ 7; see id. ¶¶ 41-50.) Plaintiffs allege that they purchased Defendant's products, and even paid a premium price for them, because of Defendant's representations. (Id. ¶¶ 10, 12, 14-17, 51.)

Plaintiffs filed this action as a putative class action, seeking to represent a class of all persons in the United States who purchased Defendant's products and a subclass of persons who purchased Defendant's products in California during the class period. (Compl. ¶¶ 54-55.) The Complaint includes counts for (1) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-84; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; (3) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (4) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) unjust enrichment; (8) negligent misrepresentation; and (9) fraud. (Compl. ¶¶ 13, 64-133.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

Defendant now moves to dismiss certain of Plaintiffs' class claims for lack of standing; certain of the Complaint's counts for failure to plead fraud with particularity; and all of the Complaint's counts for failure to state a claim.[1/]

**II.     Legal Standards**

    **A.     Standing**

"Those who seek to invoke the jurisdiction of the federal courts must satisfy the [threshold] requirement imposed by Article III of the Constitution by alleging an actual case or controversy." Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (alteration omitted) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (alteration omitted) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)).

Because Article III's standing requirements limit a court's subject matter jurisdiction, a plaintiff's standing to pursue a claim is properly challenged by a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1). Maya, 658 F.3d at 1067. In ruling on such a motion, the court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. Id. at 1068. However, a court may "allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Id. at 1067 (quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); and citing Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc., 256 F.3d 879, 882 (9th Cir. 2001)).

    **B.     Federal Pleading Standards**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e).

---

[1/]    Plaintiffs argue that Defendant's motion should be denied for failure to comply with this District's Local Rule 7-3, which requires parties to confer with the opposing side before filing a motion. (Opp'n at 1, 3; Docket Nos. 37, 37-1.) See L.R. 7-3. Even if Defendant failed to strictly comply with the Rule, the Court will not deny its motion on that basis because the motion is fully briefed and Plaintiffs fail to identify any actual prejudice. See Rodarte v. Ford Motor Co., No. CV 18-10499-DMG (JEMx), 20119 WL 1100150, at *2 n.1 (C.D. Cal. Mar. 7, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The more stringent pleading requirements of Rule 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the fraud—this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (en banc) (emphasis omitted), superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428-29 (9th Cir. 2001); see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

**III.     Discussion**

    **A.     Whether Plaintiffs Have Standing for Their Class Claims**

    Defendant argues that as California residents who purchased Defendant's products in California, Plaintiffs lack standing to bring claims under other states' laws. (Def.'s Mem. P. & A. at 2, 7-8, Docket No. 33; Reply at 2-3.) Plaintiffs contend that they have individual standing and therefore Defendant's arguments should be addressed at the class-certification stage. (Opp'n at 3-8.)

    "[T]he majority of courts to consider this question have concluded that when a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal. Indeed, courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." Mollicone v. Universal Handicraft, Inc., No. 2:16-cv-07322-CAS(MRWx), 2017 WL 440257, at *9-10 (C.D. Cal. 2017) (alteration, citation, and internal quotation marks omitted) (collecting cases); see In re Packaged Seafood Prods. Antitrust Litig., 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) (noting that the "overwhelming majority of courts have held that Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state"). In this case, the Complaint's breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud counts do not specify under which state's laws they are brought (see Compl. ¶¶ 101-33), and Plaintiffs do not dispute that the class would assert claims under the laws of states other than California. However, Plaintiffs are both California citizens who purchased Defendant's products in Los Angeles County. (Id. ¶¶ 14, 16.) Claims under other states' laws must be dismissed for lack of standing. See, e.g., Broomfield v. Craft Brew All., Inc., No. 17-cv-01027-BLF, 2017 WL 3838453, at *14 (N.D. Cal. Sept. 1, 2017) (explaining that a plaintiff's lack of standing "can form appropriate grounds for dismissal even if it overlaps with issues regarding whether the named plaintiffs are adequate representatives under Rule 23").

    Citing Melendres v. Arpaio, 784 F.3d 1254 (9th Cir. 2015), Plaintiffs argue that dismissal is not appropriate because each of them has individual standing. (See Opp'n at 3-7.) In Melendres, the Ninth Circuit distinguished between issues of standing and class certification, and it adopted the "class certification approach" with respect to dissimilarities between named and unnamed class members. Under that approach, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." Melendres, 784 F.3d at 1261-62 (quoting 1 William B. Rubenstein, Newberg on Class Actions § 2:6 (5th ed.)). That approach does not aid Plaintiffs because it "requires that a named plaintiff must exhibit Article III standing for the relevant claims. This is [the] exact problem in the present case: no named class member has standing under the state laws here at issue." See Packaged Seafood Prods., 242 F. Supp. 3d at 1096 (citation omitted).

    Defendant asserts once, in passing, that Plaintiffs' claims should be dismissed "to the extent products were sold outside of California," but it does not address this argument in any detail. (Def.'s Mem. P. & A. at 2; see id. at 7-9.) The Court declines to consider at this stage whether California law may properly be applied to sales in other states, as the issue has not been adequately briefed. See, e.g.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

Bruton v. Gerber Prods. Co., No. 12-CV-02412-LHK, 2014 WL 172111, at *13 (N.D. Cal. Jan. 15, 2014) (denying similar request as premature and explaining that whether California law can be applied to out-of-state purchases made by out-of-state consumers "depends, in substantial part, on a case-specific choice-of-law analysis that the parties and the Court have yet to undertake"); cf. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589-94 (9th Cir. 2012) (conducting choice-of-law analysis under California law and concluding that nationwide class was improperly certified because "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place").

Accordingly, the Court dismisses Plaintiffs' class claims for breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud to the extent they are brought under the laws of states other than California, but the Court declines to dismiss the claims as they relate to out-of-state residents and purchases.

**B.     Whether Plaintiffs' CLRA, UCL, FAL, Negligent Misrepresentation, Fraud, and Unjust Enrichment Claims Satisfy Rule 9(b)**

Defendant argues that Plaintiffs' CLRA, UCL, FAL, negligent misrepresentation, fraud, and unjust enrichment claims fail to satisfy Rule 9(b)'s heightened pleading standard. (Def.'s Mem. P. & A. at 2, 9-11; Reply at 3-6.) Plaintiffs do not dispute that Rule 9(b) applies but contend that their allegations of fraud are adequate. (Opp'n at 8-10.)

Defendant allegedly represented its household and personal care products as accomplishing their purposes "naturally," being "natural," or being made with "100% plant-derived cleaning agents" or "plant-derived cleaning agents." (Compl. ¶¶ 1, 5-6, 15, 17, 28-34, 70, 76, 119, 123.) Plaintiffs identify specific products on or about which such representations were made, and they also allege that similar statements were made on Defendant's website. (Id. ¶¶ 3, 5-6, 28-34.) Plaintiffs allege that these representations are false, identifying specific "unnatural, synthetic, and/or chemical ingredients" used in Defendant's products. (Id. ¶¶ 1, 7-8, 35-36, 41-43, 70, 76, 119, 123.) Plaintiffs allege that consumers are misled because they would understand Defendant's representations to mean that the substances used in its products come from nature and that the products do not contain anything artificial. (Id. ¶¶ 35-37, 40-44, 46-50, 84, 119, 126-27.) Plaintiffs relied on Defendant's representations in making purchases during the class period, and they and other class members bought Defendant's products—even paying a premium price to do so—because of those representations. (See id. ¶¶ 10, 12, 14-17, 51.) Defendant suggests that Plaintiffs' claims fail because their product labels and website include ingredient lists for its products as well as the source of the ingredients. (Def.'s Mem. P. & A. at 11, 12.)[2] However, as will

---

[2]     Defendant requests that the Court take judicial notice of product labels and ingredient lists from Defendant's website for products identified in the Complaint. (Docket No. 24; Berry Decl. & Exs. A-F, Docket No. 23; see Compl. ¶ 3.) Plaintiffs have not opposed Defendant's request, and their Complaint extensively discusses and relies upon Defendant's product labels and statements on its website.

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

be further addressed below, Defendant's ingredient lists do not necessarily prevent its representations from being misleading. Plaintiffs' allegations are sufficient to satisfy Rule 9(b). See, e.g., Balser v. Hain Celestial Grp., Inc., 640 F. App'x 694, 695-96 (9th Cir. 2016) (finding similar allegations sufficient); Clancy v. The Bromley Tea Co., 308 F.R.D. 564, 575-76 (N.D. Cal. 2013) (same).

Defendant also argues that these claims must be dismissed to the extent they are based on statements on Defendant's website because the Complaint fails to establish that Plaintiffs relied on any such statements. (Def.'s Mem. P. & A. at 11-12; Reply at 4.) The Complaint identifies specific representations made on Defendant's website, such as that Defendant's "Products are 'NATURAL CLEANERS,' 'CLEANER BY NATURE,' 'PLANT-DERIVED INGREDIENTS AND SCENTS,' and 'NON-TOXIC'" and that its "natural, plant-derived products are free of dyes, synthetic fragrances, sulfates, and petroleum solvents." (Compl. ¶¶ 31, 32.) The Complaint also alleges that both Plaintiffs "purchased [Defendant's] products because [they] saw the labeling, advertising, the Defendant's website, and read the packaging," and they purchased Defendant's products because of its claims. (Id. ¶¶ 15, 17.) Plaintiffs' allegations are sufficient to establish their reliance on statements on Defendant's website. Cf. McCrary v. Elations, Co., No. EDCV 13-0242 JGB (OPx), 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) (explaining that "Plaintiff alleges that the Elations website contains various misrepresentations, but the SAC does not allege that he looked at or relied on anything on Defendant's website before purchasing Elations. Thus, Plaintiff did not actually rely on any website statements and does not have standing to bring claims based on the those statements." (citations omitted)).

Accordingly, the Court denies Defendant's motion to dismiss the Complaint's CLRA, UCL, FAL, negligent misrepresentation, fraud, and unjust enrichment counts for failure to satisfy Rule 9(b).

 **C.** **Whether Plaintiffs State a Claim for Relief**

  1. <u>Plaintiffs' CLRA, UCL, FAL, Negligent Misrepresentation, and Fraud Claims</u>

Defendant argues that Plaintiffs fail to state a claim under the CLRA, UCL, or FAL or for negligent misrepresentation or fraud because Defendant did not make any actionable misrepresentation or omission and no reasonable consumer would believe Defendant to have guaranteed its products to be 100% natural and lacking any synthetic ingredients. (Def.'s Mem. P. & A. at 2-3, 12-18, 22; see Reply at 6-9.) Defendant contends that its use of the phrases "naturally," "natural," "100% plant-derived cleaning agent," and "plant-derived cleaning agent" are true as used on its product labels and are not misleading when viewed in context. (Def.'s Mem. P. & A. at 13-17.) Defendant also suggests that such statements are mere puffery and therefore are not actionable. (Id. at 14-15; Reply at 8.) Defendant

---

<sup>2/</sup> (...continued)
Accordingly, Defendant's request for judicial notice is granted. See, e.g., Shalikar v. Asahi Beer U.S.A., Inc., No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139, at *2 (C.D. Cal. Oct. 16, 2017) ("[J]udicial notice has been taken of product labeling and packaging when a complaint expressly refers to them and their authenticity is not disputed." (collecting cases)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

further argues that its product labels and website identified all ingredients and therefore no reasonable consumer would have been misled. (Def.'s Mem. P. & A. at 17-18; see also Reply at 9.) Plaintiffs counter that whether a reasonable consumer would be deceived by Defendant's representations cannot be determined on a motion to dismiss, and that regardless their allegations make clear that a reasonable consumer would have been misled. (Opp'n at 12-21, 25.)

"For claims arising under California's UCL, FAL, and CLRA, the plaintiff must show that reasonable consumers are likely to be deceived by the label. This standard also applies to common law fraud and negligent misrepresentation claims." Ham v. Haim Celestial Grp., 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2013) (citations omitted) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008); Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995); Girard v. Toyota Motor Sales, U.S.A., Inc., 316 F. App'x 561, 562 (9th Cir. 2008)). The standard "requires more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (citations and internal quotation marks omitted). "Whether a reasonable consumer would be deceived . . . is generally a question of fact not amenable to determination on a motion to dismiss." Ham, 70 F. Supp. 3d at 1193.

Plaintiffs allege that Defendant represented its household and personal care products as accomplishing their purposes "naturally," being "natural," or being made with "100% plant-derived cleaning agents" or "plant-derived cleaning agents." (Compl. ¶¶ 1, 5-6, 15, 17, 28-34.) Plaintiffs identify specific products about which such representations were made, and they also allege that similar statements were made on Defendant's website. (Id. ¶¶ 3, 5-6, 28-34.) The Complaint includes images of the product label for Defendant's "Naturally Filth-Fighting All-Purpose Cleaner," which refers to the product as a "natural all-purpose cleaner" with "100% plant-derived cleaning agents" and "100% natural scent." (Id. pp. 11-12.) The Complaint also includes statements allegedly made on Defendant's website, such as that Defendant's products are "natural cleaners" and are "cruelty-free, natural, [and] non-toxic." (Id. ¶¶ 31, 32.) According to the Complaint, "[c]onsumers understand the terms 'naturally' and 'natural' to mean, 'existing in nature and not made or caused by people; coming from nature' or 'not having any extra substances or chemicals added; not containing anything artificial,' and Defendant's products fail that deficient "because they contain unnatural and/or synthetic ingredients." (Compl. ¶ 35; see id. ¶¶ 40, 46.) Additionally, "[c]onsumers reasonably believe that a product labeled '100% plant-derived cleaning agents' does not contain synthetic ingredients. Consumers reasonably expect that a plant-derived product contains only plant-derived ingredients and water." (Id. ¶ 36; see id. ¶¶ 40, 46-47.)

Whether or not Defendant's representations actually are true or not cannot be determined on a motion to dismiss. Plaintiffs plausibly allege that Defendant falsely or misleading represented that its products were natural or plant-derived, that a reasonable consumer would rely on those representations in purchasing Defendant's products, and that a reasonable consumer would understand those representations to mean that the products did not contain unnatural or synthetic ingredients. See, e.g., Balser, 640 F. App'x at 696 ("[T]he statements that the products were 'natural' . . . could be taken as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

claim that no synthetic chemicals were in the products, a claim the complaint alleges, in detail, is false."); Kutza v. Williams-Sonoma, Inc., No. 18-cv-03534-RS, 2018 WL 5886611, at *4 (N.D. Cal. Nov. 9, 2018) ("In essence, Williams-Sonoma is arguing the label phrase 'Active Ingredients Derived from Natural Sources' is literally true, and in the absence of any broader statements on the label, no reasonable consumer would expect the products necessarily to be completely free from 'unnatural and/or synthetic ingredients.' . . . Williams-Sonoma asks too much . . . when it seeks a determination as a matter of law on the pleadings (even including photographs of the labels) that no reasonable consumer would be misled by the cumulative effects of the labeling and marketing alleged in the complaint.").

That Defendant's product labels and website may contain ingredient lists is not fatal to Plaintiffs' claims. "[A]n ingredient list does not correct, as a matter of law, misrepresentations on the product's label. Rather, the likely impact of such a list on a reasonable consumer is a factual issue, not determinable on the pleadings. . . . [P]roduct information on a website also cannot override as a matter of law any misimpressions created by the label." Balser, 640 F. App'x at 696; see Williams, 552 F.3d 939-40 ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."). Moreover, Plaintiffs plausibly allege that consumers would understand Defendant's statements to mean that they do not contain any unnatural or synthetic ingredients or cleaning agents, and that consumers "would not know the true nature of the ingredients merely by reading the ingredients label." (Compl. ¶¶ 47-49.) Defendant's ingredient lists include substances that consumers allegedly would consider to be synthetic rather than natural or plant-derived, lending support to Plaintiffs' allegations that Defendant's product labels and other representations are misleading. For example, the ingredient list for Defendant's Naturally Nourishing Clary Sage Lotion includes capric/caprylic triglycerides and cetearyl alcohol, both of which are indicated to have "[v]egetable oil" as their source and both of which the Complaint identifies as synthetic. (Berry Decl. Exs. C, D; see Compl. ¶ 42(c), (d), (cc).) By contrast, that ingredient list states that the source for the ingredients phenoxyethanol and ethylhexylglycerin is "[s]ynthetic." (Berry Decl. Ex. D.)

Nor does the context of the words "natural" or "plant-derived" defeat Plaintiffs' claims. Defendant at least sometimes refers to its products on their labels as "natural" without modifiers. For example, the Complaint includes images of the label for a product claimed to be a "natural all-purpose cleaner" that uses "100% plant-derived cleaning agents" and has "100% natural scent." (Compl. p. 12.) The label submitted by Defendant for its Naturally Nourishing Clary Sage Soap states that Defendant's "natural, sulfate-free soap . . . cleanses and nourishes skin." (Berry Decl. Ex. E.) Additionally, the fact that a word like "naturally" is next to an adjective like "nourishing" or "grease-kicking" does not preclude a reasonable consumer from believing that the product as a whole does not contain synthetic ingredients. See, e.g., Pecanha v. The Hain Celestial Grp., Inc., No. 17-cv-04517-EMC, 2018 WL 534299, at *2-3 (N.D. Cal. Jan. 24, 2018) ("According to Defendants, '[w]hen viewed "as a whole," the reference to "natural" or "naturally" refers to the fact that there is "no aluminum, parabens, phthalates, or propylene glycol" in the deodorants,' not that the deodorant product is 100% natural in all respects. The problem for Defendants is that, while a reasonable consumer might plausibly so interpret the label, that does not mean that a reasonable consumer could not have a different interpretation." (citation omitted)); Fagan v. Neutrogena Corp., No. 5:13-cv-01316-SVW-OP, 2014 WL 92255, at *2 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

Jan. 8, 2014) ("Defendant's argument that the representations are literally true because the term '100%' only applies to the ingredients in the products that provide protection from the sun (and not to other ingredients in the lotions that serve other purposes) rests on one possible interpretation of the language, but it is not the only possible interpretation.").

Accordingly, the Court denies Defendant's motion to dismiss the Complaint's CLRA, UCL, FAL, negligent misrepresentation, and fraud counts.

      2.      <u>The Breach of Express Warranty Count</u>

Defendant argues Plaintiffs fail to state a claim for breach of express warranty because there was no written warranty that Defendant's products were 100% natural or non-synthetic, Plaintiffs fail to specifically identify any warranty for any particular product, and Plaintiffs fail to establish a breach of any such warranty. (Def.'s Mem. P. & A. at 3, 19-20; <u>see</u> Reply at 10-11.) Plaintiffs contend that Defendant made express warranties with its representations about its products being natural or plant-derived, and that these warranties were breached because its products actually contain unnatural and synthetic ingredients. (Opp'n at 22.) Plaintiffs further contend that they adequately identify the products alleged to be subject to the alleged warranty. (<u>Id.</u> at 22-23.)

"In order to plead a breach of express warranty claim, plaintiffs must allege facts sufficient to show that '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" <u>Zeiger v. WellPet LLC</u>, 304 F. Supp. 3d 837, 853 (N.D. Cal. 2018) (quoting <u>Krommenhock v. Post Foods, LLC</u>, 255 F. Supp. 3d 938, 965-66 (N.D. Cal. 2017)). "A description of the goods at issue can create an express warranty so long as it was part of the basis of the bargain between the parties." <u>Hadley v. Kellogg Sales Co.</u>, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017) (citing Cal. Comm. Code § 2313(1)(b)).

Here, Plaintiffs allege that Defendant "expressly warranted that [its] Products accomplished their purpose 'NATURALLY,' were 'natural,' and/or made with '100% plant-derived cleaning agents' or 'plant-derived cleaning agents,'" but the products "do not conform to the express warranty because they contain unnatural and/or synthetic ingredients." (Compl. ¶¶ 103, 105.) The Complaint identifies specific products represented to be natural or plant-derived, all of which have the word "naturally" in their name. (<u>Id.</u> ¶ 3.) As already discussed, Plaintiffs also identify specific representations made in Defendant's product labels and marketing materials and on its website, and Plaintiffs allege that Defendant's products actually contain products that consumers would not consider natural or plant-derived. Plaintiffs' allegations are sufficient to state a claim for breach of express warranty. <u>See, e.g.</u>, <u>Grimm v. APN Inc.</u>, No. 8:17-cv-00356-JVS-JCG, 2017 WL 6398148, at *7 (C.D. Cal. Aug. 31, 2017) ("[Plaintiff] alleges that the use of the terms 'natural' and 'no artificial preservatives' [on the products' packaging] are the express warranty. And [she] alleges that APN breached that warranty by including 'chemicals and artificial and/or synthetic ingredients.' Accordingly, [Plaintiff] alleges each element and sufficiently pleads a claim for breach of an express warranty." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

Accordingly, the Court denies Defendant's motion to dismiss the Complaint's count for breach of express warranty.

        3.       <u>The Breach of Implied Warranty of Merchantability Count</u>

Defendant argues that Plaintiffs fail to state a claim for breach of implied warranty because Plaintiffs do not allege that Defendant's products are not fit for their intended use; Defendant actually did not make the warranties that Plaintiffs claim; and Plaintiffs are not in privity with Defendant. (Def.'s Mem. P. & A. at 3, 20-22; Reply at 11-12.) Plaintiffs argue that they adequately allege that Defendant's products do not conform to representations made on their labels and that privity is not required because they were third-party beneficiaries of Defendant's warranties. (Opp'n at 23-25.)

Under California law, "[u]nless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Comm. Code § 2314(1). "Goods to be merchantable must be at least such as [among other things] . . . [c]onform to the promises or affirmations of fact made on the container or label if any." <u>Id.</u> § 2314(2)(f). Here, Plaintiffs allege that Defendant "impliedly warranted that [its products] accomplished their purpose 'NATURALLY,' were 'natural,' and/or made with '100% plant-derived cleaning agents' or 'plant-derived cleaning agents.' Defendant breached the warranty . . . because the goods were not 'adequately contained, packaged, and labeled as the agreement may require,' and the goods did not 'conform to the promise or affirmations of fact made on the container or label.' As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable." (Compl. ¶ 109 (citation omitted). Because an implied warranty of merchantability claim may be based on representations on a product's label, and because the Court has already concluded that Defendant's product labels are alleged to contain actionable misrepresentations, Plaintiffs state an implied warranty claim. See <u>Zeiger</u>, 304 F. Supp. 3d at 854-55 ("Plaintiffs adequately allege that WellPet made certain affirmations of fact on its Products, including that they were 'pure,' 'safe,' or 'natural,' but that WellPet's Products failed to conform to these affirmations because they contained arsenic, lead, and/or BPA. For these reasons, I DENY WellPet's motion to dismiss plaintiffs' implied warranty claim." (citations omitted)).

"Under California Commercial Code section 2314, . . . a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. A buyer and seller stand in privity if they are in adjoining links of the distribution chain. Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." <u>Clemens v. DaimlerChrysler Corp.</u>, 534 F.3d 1017, 1023 (9th Cir. 2008) (citations omitted). However, courts have recognized an exception to the privity requirement where a consumer-plaintiff is the third-party beneficiary of an implied warranty. See <u>Zeiger</u>, 304 F. Supp. 3d at 853-54; <u>Thornton v. Micro-Star Int'l Co.</u>, No. 2:17-cv-03231-CAS(AFMx), 2017 WL 10621210, at *10-11 (C.D. Cal. Aug. 21, 2017). The Court therefore concludes that Plaintiffs' claim is not subject to dismissal for lack of privity.

Accordingly, the Court denies Defendant's motion to dismiss the Complaint's count for breach of implied warranty of merchantability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

    4.    <u>The MMWA Count</u>

    Defendant argues that Plaintiffs' MMWA count fails because Plaintiffs fail to state a claim for breach of warranty under state law and fail to allege any "written warranty" within the meaning of the MMWA. (Def.'s Mem. P. & A. at 3, 18-19; Reply at 10.) Plaintiffs counter that they adequately allege breach of warranty claims under state law and that Defendant's "natural" and "plant-derived" representations are written warranties under the MMWA. (Opp'n at 21.)

    Under the MMWA, subject to limitations that are not relevant here, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty[ or] implied warranty . . . may bring suit for damages and other legal and equitable relief" in federal court. 15 U.S.C. § 2310(d)(1). The MMWA "provides a federal remedy for breach of warranties under state law. Thus, [MMWA] claims stand or fall with [plaintiffs'] express and implied warranty claims under state law." <u>Hindsman v. Gen. Motors LLC</u>, No. 17-cv-05337-JSC, 2018 WL 2463113, at *5 (N.D. Cal. June 1, 2018) (internal quotation marks omitted) (quoting <u>Sloan v. Gen. Motors LLC</u>, No. 16-CV-07244-EMC, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017)); <u>see</u> <u>Clemens</u>, 534 F.3d at 1022 & n.3. As already explained, Plaintiffs state a claim for breach of implied warranty under California law. Thus, whether or not Defendant's representations constitute "written warranties," Plaintiffs state a claim under the MMWA for breach of implied warranty.

    Accordingly, Defendant's motion to dismiss the Complaint's MMWA count is denied.

    5.    <u>The Unjust Enrichment Count</u>

    Defendant contends that Plaintiffs' unjust enrichment claim fails because "unjust enrichment is merely a remedy and the allegations do not support [the alleged] misrepresentation[s] or unjust gain." (Def.'s Mem. P. & A. at 22-23.) Plaintiffs argue that they state a claim for the same reasons they adequately allege their other claims under the reasonable consumer standard. (<u>See</u> Opp'n at 25.)

    The Ninth Circuit has explained that "[w]hile California case law appears unsettled on the availability of such a cause of action, this Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract. We therefore allow the cause of action, as we believe it states a claim for relief as an independent cause of action or as a quasi-contract claim for restitution." <u>ESG Capital Partners, LP v. Stratos</u>, 828 F.3d 1023, 1038 (9th Cir. 2016) (citations omitted); <u>see</u> <u>Astiana v. Hain Celestial Grp., Inc.</u>, 783 F.3d 753, 762 (9th Cir. 2015).

    Plaintiffs' unjust enrichment claim is based on the same alleged misrepresentations about Defendant's products as their other claims. (<u>See</u> Compl. ¶¶ 1116, 119.) Plaintiffs allege that they and other class members conferred benefits on Defendant by purchasing Defendant's products, and that Defendant was unjustly enriched due to their reliance on Defendant's misrepresentations. (<u>Id.</u> ¶¶ 118-19.) Plaintiffs' allegations are sufficient to state a claim. <u>See, e.g.</u>, <u>Brenner v. Procter & Gamble Co.</u>, No. SACV 16-1093-JLS (JCG), 2016 WL 8192946, at *7-8 (C.D. Cal. Oct. 20, 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2038 PA (GJSx) | Date | July 19, 2019 |
|---|---|---|---|
| Title | Kalee Przybylak, et al. v. Bissell Better Life LLC | | |

("Because . . . Plaintiff plausibly alleges that a consumer could have been enticed to purchase Defendant's product based on the allegedly misleading label, . . . Plaintiff states a quasi-contract claim." (citing Fed. R. Civ. P. 8(d)(2); Astiana, 783 F.3d at 762)).

  Accordingly, the Court denies Defendant's motion to dismiss the Complaint's unjust enrichment count.

### Conclusion

  For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 33) is granted in part and denied in part. Specifically, the Court grants Defendant's motion to dismiss Plaintiffs' claims for breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud to the extent they seek to apply the laws of states other than California. Defendant's motion is otherwise denied. Defendant shall file an Answer to the Complaint within 14 days of the date of this Order. The Clerk is ordered to issue an Order Setting Scheduling Conference.

  IT IS SO ORDERED.